MOORE, APPELLANT, *v.* YOUNG, ADMR., BUREAU OF WORKMEN'S COMPENSATION, ET AL., APPELLEES.

[Cite as Moore v. Young, Admr., 7 Ohio App. 2d 209.]

(No. 8361—Decided August 23, 1966.)

*Mr. R. Brooke Alloway* and *Mr. Joseph L. Rosenbloom,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. Donald M. Colasurd,* for appellee James L. Young, Administrator, Bureau of Workmen's Compensation.

*Messrs. Porter, Stanley, Treffinger & Platt* and *Mr. James J. Hughes, Jr.,* for appellee The Timken Roller Bearing Company.

210

DUFFY, J. The Industrial Commission of Ohio issued an order granting a claimant compensation for a permanent total disability. The order was made without either notice of hearing or a formal hearing. The employer appealed to the Common Pleas Court of Franklin County, and by amended answer raised the issue of the invalidity of the commission's order since it was issued without a hearing or notice.

The Common Pleas Court granted the employer's motion for judgment on the pleadings, and the plaintiff-appellant (claimant) has appealed to this court. The plaintiff makes only one assignment of error, which is that the Common Pleas Court erred in sustaining the motion of the employer-appellee for judgment on the pleadings.

Assuming as alleged by the employer that the order of the commission was void for a failure to provide a hearing as required by Section 4123.518, Revised Code, can an appeal from such a void order by the employer result in a judgment for the employer in the Common Pleas Court? This court is not deciding whether the order of the commission was void, voidable, or valid; we are only determining the correctness of the Common Pleas Court's final judgment.

Such a final judgment does not answer the only question which must be answered in an appeal under Section 4123.519, Revised Code. "The court, or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of such action." The deciding of the motion for judgment by the employer would not answer this question and would be a bar to a redetermination by the Industrial Commission. It appears that appeal to the Common Pleas Court was not the proper way for the employer to raise this question. See *State, ex rel. Federated Department Stores, Inc.,* v. *Brown,* 165 Ohio St. 521.

The judgment of the Common Pleas Court will be reversed and the cause remanded to that court, with instructions to either dismiss the appeal or decide the right of the plaintiff (claimant) to continue to participate in the State Insurance Fund, as provided by Section 4123.519, Revised Code.

*Judgment reversed and cause remanded.*

BRYANT, P. J., and DUFFEY, J., concur.